State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Jon Placke, respondent.

___ N.W.2d ___

Filed September 25, 2015.    No. S-15-393.

Original action. Judgment of disbarment.

Heavican, C.J., Wright, Connolly, McCormack, Miller-
Lerman, and Cassel, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the voluntary surrender of
license filed by respondent, Jon Placke, on August 24, 2015.
The court accepts respondent's voluntary surrender of his
license and enters an order of disbarment.

## STATEMENT OF FACTS

Respondent was admitted to the practice of law in the
State of Nebraska on April 26, 1993. On May 5, 2015, the
Committee on Inquiry of the Fifth Judicial District filed
an application for temporary suspension of respondent's
license, and attached to the application was an affidavit of
the Counsel for Discipline of the Nebraska Supreme Court.
The application and affidavit alleged that respondent had
failed to pay fees and assessments to renew his license to
practice law in the State of Nebraska in 2015 and that he
failed to submit evidence showing that he completed his man-
datory continuing legal education requirements for 2014. The

application and affidavit alleged that three criminal charges had been filed against respondent in Hall County, Nebraska, between October and December 2014, which included driving a motor vehicle on a suspended license and two charges of third degree domestic assault, and that two grievances had been filed against respondent, which generally alleged trust account violations, neglect, failure to communicate, and failure to provide requested information to the Counsel for Discipline. The application and affidavit also alleged that in two separate probate cases in which respondent was appointed as the personal representative in intestacy, respondent failed to file inventories and failed to appear in court, and that in a separate criminal case, respondent failed to communicate with his client.

Respondent was temporarily suspended on June 24, 2015. On August 24, respondent filed a "Receipt" acknowledging the receipt of the order of temporary suspension as well as the Neb. Ct. R. 3-316 (rev. 2014) notification information.

On August 24, 2015, respondent filed a voluntary surrender of license, in which he stated that he does not challenge or contest the truth of the suggested allegations set forth in the application for temporary suspension. Respondent further stated that he freely and voluntarily waived his right to notice, appearance, or hearing prior to the entry of an order of disbarment and consented to the entry of an immediate order of disbarment.

## ANALYSIS

Neb. Ct. R. § 3-315 of the disciplinary rules provides in pertinent part:

(A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.

(1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly

does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to § 3-315 of the disciplinary rules, we find that respondent has voluntarily surrendered his license to practice law and knowingly does not challenge or contest the truth of the suggested allegations made against him. Further, respondent has waived all proceedings against him in connection therewith. We further find that respondent has consented to the entry of an order of disbarment.

## CONCLUSION

Upon due consideration of the court file in this matter, the court finds that respondent has stated that he freely, knowingly, and voluntarily admits that he does not contest the suggested allegations being made against him. The court accepts respondent's voluntary surrender of his license to practice law, finds that respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith comply with all terms of § 3-316 of the disciplinary rules, and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2014) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

Judgment of disbarment.